IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLOTTE M. SAMPSON and**
**RODGER W. SAMPSON,**

         Plaintiff,

Hon.
Mag.
Case No. 16-00237

v.

**BRANDT, PEZZETTI, VERMETTEN**
**& POPOVITS, P.C.**

         Defendant.

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, CHARLOTTE and RODGER SAMPSON (hereinafter known in the singular, "Sampson" or "Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this action against the above listed Defendant, BRANDT, PEZZETTI, VERMETTEN & POPOVITS, PC ("Brandt" or "Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant Brandt who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2.

By publicizing private, mortgage debt information as an announced debt collector, Defendant Brandt is in violation of Federal regulations under the FDCPA when it follows the conflicting State Statute at MCLA 600.3212 that allows that same information to be publicized. The Sampson Sale Notice that Brandt sends out advertising that the Sampsons are in default and their home and mortgage is for sale, ignores the homeowners' right to privacy and also the regulations and protections against harassment and abusive debt collection under the FDCPA. **See Exhibit 1 which is the Notice Brandt sends out to newspapers, the internet, county buildings and to the homeowner.**

## II.  STATUE AND CASE LAW

3.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

4.

"In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e., forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453. *See Goodrow v. Friedman & MacFadye*n, P.A., 788 F. Supp. 2d 464, 471 (E.D.Va. 2011) ("[A] debt collector must comply with the FDCPA while complying with a state foreclosure law."); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 (2d Cir. 1998).

5.

When there is a conflict in the protections offered to a consumer in a Michigan Statute and the Federal Statute, the FDCPA states that the debt collector must follow the Federal Statute when it offers greater protections than the conflicting State Statute:

**§ 816.  Relation to State laws   [15 USC 1692n]**
This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, ***a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title.***

6.

Article VI of the Constitution of the United States provides:

This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding. U.S. Const. art. VI, cl. 2.

7.

Under 15 U.S.C.§ 1692n, the FDCPA does not preempt state laws unless and only to the extent "those laws are inconsistent with any provisions of this subchapter." Importantly, a state law is not "inconsistent" with the FDCPA "if the protection such law affords any consumer is greater than the protection provided by this subchapter." Accordingly, only state laws which make it impossible to comply with both state and federal law (*Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142-43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963)), such as where state law requires conduct prohibited by federal law, are preempted.

8.

Where there is "conflict preemption," which is "where state law `stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" embodied by the federal law, *(Gade v. National Solid Wastes,* 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992)), `[t]he purpose of Congress is the ultimate touchstone.'" *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

9.

The FDCPA preempts state law only when those laws are "inconsistent with any provisions of this subchapter." "A State law is not inconsistent with [the FDCPA] if the protection such law affords any consumer is greater than the protection provided by this subchapter." See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

10.

The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

### III. PARTIES

11.

The Plaintiffs are natural persons and consumers and residents of Fennville, Allegan County, State of Michigan, and a "consumer" as defined by the FDCPA.

12.

Defendant is a foreclosure and debt collection law firm organized as a Michigan Corporation and a collector of defaulted mortgage loans and uses the mail, public notices and telephone to communicate the collection of consumer debts originally owed to others, including residential mortgage debts. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

### IV. JURISDICTION AND VENUE

13.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## V. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

14.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

15.

Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692 (a).

16.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3). Gray is a consumer.

17.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

18.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). The Defendant Brandt is considered a debt collector under the law and by its own admission in its Foreclosure Notice of Sale.

19.

Under 15 U.S.C. § 1692a (2), the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. The Notice of Sale (**Exhibit 1 and 2**) is a communication conveying information about a mortgage debt to third-parties and others.

20.

The Defendant Brandt is a mortgage debt collector of defaulted mortgage loans engaged in the business of collecting of consumer debts originally owed to others, including residential mortgage debts. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

21.

As part of its foreclosure practice of servicing the foreclosure needs of banks and mortgage servicing clients, Brandt initiates a foreclosure of a mortgage debt under MCL 600.3212 by publicizing to the State of Michigan and the world a homeowner's private and protected information in a Notice of Mortgage Foreclosure Sale:

(a)   The name and address of the debtor, the amount of debt owed and the creditor client of Brandt; and

(b)   That Defendant Brandt is a debt collector collecting from a named home owner while providing contact information for the homeowner to contact Brandt.

22.

Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692c(b):

(b) COMMUNICATION WITH THIRD PARTIES.  Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, *a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*

23.

It is a violation of 15 U.S.C. § 1692d (4) for a debt collector to advertise the sale of any debt to coerce payment of the debt. In violation of the FDCPA and as a debt collector, Brandt is communicating to the world and the State of Michigan, the private names and debt information in every Notice of Mortgage Foreclosure Sale it publicizes. This is also a Breach of Privacy.

## VI. FACTUAL ALLEGATIONS

24.

Every Notice of Foreclosure Sale that Brandt places in newspapers, court houses, court websites, county buildings or any other medium of public gathering for notice communicates and publishes to the world and the State of Michigan the name and address of the Michigan Homeowner *and* that they are in default of and owe a debt and that Brandt (In Large Bold type larger than any in the notice) is "A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE." **See for Example Exhibit 1**:

BRANDT, PEZZETTI, VERMETTEN & POPOVITS, P.C.
Attorneys for Mortgagee
600 East Front Street, Suite 102, P.O. Box 5817
Traverse City, Michigan 49685-5817
(231) 929-3450
File No.: 8120.0242
(12-21)(01-11)

NOTICE OF FORECLOSURE

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN ACTIVE MILITARY SERVICE PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW.

Notice under MCL 600.3278: Pursuant to MCL 600.3278, if the property is sold at a foreclosure sale under MCL 600.3201 et. seq., the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or the mortgage holder for damaging the property during the redemption period.

ATTENTION POTENTIAL PURCHASERS AT FORECLOSURE SALE: In the case of resolution prior to or simultaneously with the aforementioned foreclosure sale, Ditech Financial LLC (f/k/a Green Tree Servicing LLC) may rescind this sale at any time prior to the end of the redemption period. In that event, your damages, if any, shall be limited to the return of your bid amount tendered at the sale, plus interest.

Default having occurred in the conditions of a Mortgage made by Charlotte M. Sampson and Rodger W. Sampson, wife and husband, ("Mortgagor") to Quicken Loans, Inc., dated November 30, 2012, and recorded in the Office of the Register of Deeds for the County of Allegan in the State of Michigan on December 2d, 2012, in Liber 3668, Page(s) 594, et. seq., said Mortgage being last assigned to Ditech Financial LLC (f/k/a Green Tree Servicing LLC), ("Mortgagee"), by Mortgage Assignment dated April 21, 2015, and recorded in the Office of the Register of Deeds for the County of Allegan in the State of Michigan on April 27, 2015, in Liber 3921, Page(s) 722, et. seq., on which Mortgage there is claimed to be due as of the date of this Notice the sum of $7,928, which amount may or may not be the entire indebtedness owed by Debtors to Mortgagee together with interest at 3.75 percent per annum.

NOW THEREFORE, Notice is hereby given that the power of sale contained in said Mortgage has become operative and that pursuant to that power of sale and MCL 600.3201 et. seq., on January 21, 2016 at 9:00 a.m., on the East front entrance to the Allegan County Building in Allegan, Michigan, that being the place for holding the Circuit Court and/or for conducting such foreclosure sales for the County of Allegan, there will be offered at public sale, the premises, or some part thereof, described in said Mortgage as follows, to-wit:

LAND SITUATED IN THE TOWNSHIP OF MANLIUS, COUNTY OF ALLEGAN, STATE OF MICHIGAN, DESCRIBED AS:

THAT PART OF THE SOUTHEAST 1/4 OF SECTION 17, TOWN 3 NORTH, RANGE 15 WEST, MANLIUS TOWNSHIP, ALLEGAN COUNTY, MICHIGAN, DESCRIBED AS: BEGINNING AT A POINT ON THE WEST LINE OF THE SOUTHEAST 1/4 OF SECTION 17, BEING NORTH 00 DEGREES 00' 00" EAST, 302.55 FEET FROM THE SOUTH 1/4 CORNER OF SECTION 17; THENCE PROCEEDING ON SAID WEST LINE NORTH 00 DEGREES 00' 00" EAST, 87.45 FEET; THENCE SOUTH 90 DEGREES 00' 00" EAST, 210.00 FEET; THENCE NORTH 00 DEGREES 00' 00" EAST, 62.55 FEET; THENCE SOUTH 90 DEGREES 00' 00" EAST, 15.00 FEET; THENCE SOUTH 00 DEGREES 00' 00" WEST, 150.00 FEET; THENCE NORTH 90 DEGREES 00' 00" WEST, 225.00 FEET TO THE POINT OF BEGINNING.

The redemption period shall be six (6) months unless the property is determined to be abandoned pursuant to MCL 600.3241a, in which case the redemption period shall be the later of thirty (30) days from the date of sale or fifteen (15) days from the date the notice required by MCL 600.3241a(b) was posted and mailed, or unless under MCL 600.3240(11), prior to the sale, xxxxxure sale the borrower follows the procedure set forth in that section to establish the presumption that the property is used for Agricultural purposes, in which case the redemption period shall be one (1) year from the date of the sale.

Dated: December 18, 2015
By: DONALD A. BRANDT (P30183)

3001 57th Street, Fennville, MI 49408-9470

25.

On or about October 23, 2015, Defendant Brandt placed a Notice of Mortgage Foreclosure Sale in the Detroit Legal News about Plaintiff's default of a mortgage debt that stated:

**NoticeId** 1260384

**FullNoticeText** NOTICE OF FORECLOSURE THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN ACTIVE MILITARY SERVICE PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW. Notice under MCL 600.3278: Pursuant to MCL 600.3278, if the property is sold at a foreclosure sale under MCL 600.3201 et. seq., the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or the mortgage holder for damaging the property during the redemption period. ATTENTION POTENTIAL PURCHASERS AT FORECLOSURE SALE: In the case of resolution prior to or simultaneously with the aforementioned foreclosure sale, Ditech Financial LLC (f/k/a Green Tree Servicing LLC) may rescind this sale at any time prior to the end of the redemption period. In that event, your damages, if any, shall be limited to the return of your bid amount tendered at the sale, plus interest. Default having occurred in the conditions of a Mortgage made by Charlotte M. Sampson and Rodger W. Sampson, wife and husband, ("Mortgagor") to Quicken Loans, Inc., dated November 30, 2012, and recorded in the Office of the Register of Deeds for the County of Allegan in the State of Michigan on December 20, 2012, in Liber 3688, Page(s) 594, et. seq., said Mortgage being last assigned to Ditech Financial LLC (f/k/a Green Tree Servicing LLC), ("Mortgagee"), by Mortgage Assignment dated April 21, 2015, and recorded in the Office of the Register of Deeds for the County of Allegan in the State of Michigan on April 27, 2015, in Liber 3921, Page(s) 722, et. seq., on which Mortgage there is claimed to be due as of the date of this Notice the sum of $?        .28, which amount may or may not be the entire indebtedness owed by

premises, or some part thereof, described in said Mortgage as follows, to-wit: LAND SITUATED IN THE TOWNSHIP OF MANLIUS, COUNTY OF ALLEGAN, STATE OF MICHIGAN, DESCRIBED AS: THAT PART OF THE SOUTHEAST 1/4 OF SECTION 17, TOWN 3 NORTH, RANGE 15 WEST, MANLIUS TOWNSHIP, ALLEGAN COUNTY, MICHIGAN, DESCRIBED AS: BEGINNING AT A POINT ON THE WEST LINE OF THE SOUTHEAST 1/4 OF SECTION 17, BEING NORTH 00 DEGREES 00' 00" EAST, 302.55 FEET FROM THE SOUTH 1/4 CORNER OF SECTION 17; THENCE PROCEEDING ON SAID WEST LINE NORTH 00 DEGREES 00' 00" EAST, 87.45 FEET; THENCE SOUTH 90 DEGREES 00' 00" EAST, 210.00 FEET; THENCE NORTH 00 DEGREES 00' 00" EAST, 62.55 FEET; THENCE SOUTH 90 DEGREES 00' 00" EAST, 15.00 FEET; THENCE SOUTH 00 DEGREES 00' 00" WEST, 150.00 FEET; THENCE NORTH 90 DEGREES 00' 00" WEST, 225.00 FEET TO THE POINT OF BEGINNING. The redemption period shall be six (6) months unless the property is established to be abandoned pursuant to MCL 600.3241a, in which case the redemption period shall be the later of thirty (30) days from the date of sale or fifteen (15) days from the date the notice required by MCL 600.3241a(b) was posted and mailed, or unless under MCL 600.3240(11), prior to the foreclosure sale the borrower follows the procedure set forth in that section to establish the presumption that the property is used for Agricultural purposes, in which case the redemption period shall be one (1) year from the date of the sale. Dated: December 16, 2015 By: DONALD A. BRANDT (P30183) BRANDT, PEZZETTI, VERMETTEN & POPOVITS, P.C. Attorneys for Mortgagee 600 East

**Please see Exhibit 2**.

26.

All Michigan homeowners who are facing foreclosure by advertisement under MCL 600. 3204 et seq. by Brandt must endure the breach of privacy and embarrassment of a debt collector advertising to the world that the Michigan Homeowner is in default of a debt, the amount of the debt owed, their home address in big bold letters (**Exhibit 1**) and that a debt collector is collecting from them.

27.

Brandt's initiation of every Foreclosure Sale under the State Foreclosure Statute with notices such as **Exhibit 1 and 2** is a violation of Federal law at the Fair Debt Collection Practices Act (FDCPA).

28.

Contrary to the strict prohibitions of the FDCPA, this same notice at **Exhibit 1 and 2** is also placed on the door of every homeowner's home without having to inform the world that the debt is owed and that the homeowner is in default. This approach notifies the homeowner of the information the rest of the world should not have to know.

29.

There is no requirement under Michigan's Foreclosure Statute at MCLA 600.3212 that the notice must contain information that the debt is being collected by a debt collector stating boldly on the Notice that:

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY.**

However, if a debt collector chooses to collect the debt, it is mandatory that it follow the FDCPA.

30.

While Brandt is expected to defend itself by stating that the Michigan Foreclosure Statute that regulates the are requires that it name the homeowner, the debt amount and the homeowners address be placed in any Notice of Foreclosure Sale under MCLA 600.3212, the FDCPA preempts the State Statute in that the FDCPA requires that a debtor's personal information and indebtedness shall not be publicized in the newspaper or on county websites or buildings for the world to view.

31.

When there is a conflict in the protections offered to a consumer in a Michigan Statute and the Federal Statute, the FDCPA states that the debt collector must follow the Federal Statute when it offers greater protections than the conflicting State Statute:

**§ 816.  Relation to State laws   [15 USC 1692n]**
This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, *a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title.*

32.

Prior to 2013, The Michigan Foreclosure Statute offered protections that mandated that the homeowner receive a written notice of foreclosure (SEVEN DAYS PRIOR TO ANYTHING BEING PUBLICIZED IN THE NEWSPAPERS OR COUNTY BUILDINGS), loan modification programs and processes to save the home, a housing counselor list and a right to seek a 90-day

delay on the foreclosure while the homeowner sought a modification of the debt. If the homeowner participated in any pre-foreclosure modification programs or 90day delay, there was no foreclosure information publicized. **600.3205a Notice from foreclosing party to borrower; contents; list of housing counselors; service; publication; failure of service; applicability of section and sections 3205b and 3205c.** <u>Please see Exhibit 3</u>.

33.

Also prior to 2013, if a Foreclosing law firm did not provide the required notice under MCL 600.3205a above, a homeowner had the option of bringing an action in circuit court to enjoin the foreclosure. See MCL 600.3205a (5) pre-2013.

34.

MCL § 600.3205 was repealed, effective June 20, 2013. *See* MICH. COMP. LAWS § 600.3205a-600.3205d and left the homeowner with no remedy under State Law. <u>**Please see Exhibit 3**</u>.

35.

By publicizing private, mortgage debt information as an announced debt collector, Defendant Brandt is in violation of Federal regulations under the FDCPA when it follows the conflicting State Statute at MCLA 600.3212 that allows that same information to be publicized.

36.

The Michigan Foreclosure Statute offers no privacy protections or remedies to homeowners in punishing abusive debt collection practices codified under the FDCPA. Please see the section on Congressional Findings and Declarations of Purpose at 15 USC 1692(e) which states:

"It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, *and to promote consistent State action to protect consumers against debt collection abuses*." (emphasis added).

37.

As the Michigan Foreclosure Statute under MCLA 600.3212 directly conflicts with the regulations of federal law, it is preempted by the protections codified under the FDCPA.

38.

Selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt is considered debt collection under *Glazer v. Chase Home Finance LLC*, 704 F.3d 45.

39.

A debt collector such as Defendant Brandt must follow Federal law in collecting on the debt through notices such as **Exhibit 1 and 2** that seek to sell the property to pay down the mortgage obligation of the Michigan Homeowner.

40.

Plaintiffs are informed and believe, and on that basis allege that the Defendant has a policy and practice of publicizing to the world and the public in the State of Michigan, private debt collection information of homeowners in default of their mortgage without any regard to Applicable Federal law and the homeowner's right not to have their debts published to third parties in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692c(b) and 15 U.S.C. §§ 1692d (4).

41.

"In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very

purpose of obtaining payment on the underlying debt, either by persuasion (i.e., forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453. *See Goodrow v. Friedman & MacFadyen, P.A.*, 788 F. Supp. 2d 464, 471 (E.D.Va. 2011) ("[A] debt collector must comply with the FDCPA while complying with a state foreclosure law."); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 (2d Cir. 1998).

### VII. CLAIMS FOR RELIEF

**Count 1-Fair Debt Collection Practices Act**

42.

Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a mortgage debt using the communication at **Exhibit 1 and 2** above; and

b. Defendant collected on the debt and violated 15 U.S.C. 1692d with conduct described above that harasses and abuses a homeowner in connection with collecting the mortgage debt through **Exhibit 1 and 2** in publicizing private debt information; and

c. The Defendant communicated to third parties and the world in publishing foreclosure sale notices with the mortgage debt amount, the homeowner's name and that he is in default through **Exhibit 1 and 2** in violation 15 U.S.C. §1692c(b); and

d. Defendant violated 15 USC 1692e (6) with the false representation or implication that the Notice of Foreclosure Sale in **Exhibit 1 and 2** allows the debt collector to violate the FDCPA; and

d. Defendant violated 15 U.S.C. 1692d (4) by publishing that the sale of the mortgage debt to the world and the State of Michigan using **Exhibit 1 and 2** as mentioned above.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

c. Such further relief as the court deems just and proper.

### VIII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

May 19, 2016

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff